IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DONALD H. HINELY,

    Petitioner,

v.

HILTON HALL, Warden,

    Respondent.

CIVIL ACTION NO.: CV206-266

## ORDER

Petitioner, an inmate at Macon State Prison in Oglethorpe, Georgia, was allowed to proceed *in forma pauperis* in this action for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. Petitioner has moved the court to appoint counsel to assist him in the prosecution of this case. Under 28 U.S.C. § 1915(d), the Court has power to seek counsel for indigent litigants who petition to proceed *in forma pauperis*.

18 U.S.C. § 3006A(a)(2) provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who - . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." Accordingly, the court may appoint counsel for this indigent federal *habeas corpus* petitioner only if the interest of due process or justice so require. Schultz vs. Wainwright, 701 F.2d 900 (11th Cir. 1983). Hooks vs. Wainwright, 775 F.2d 1433 (11th Cir. 1985). Additionally Rule 8(c) of the "Rules Governing Section 2254 cases in the United States District Courts" requires the court to appoint counsel for a qualified petitioner when an evidentiary hearing is required.

AO 72A
(Rev. 8/82)

At this time it does not appear that the interest of due process or justice require that petitioner be afforded counsel, and it does not appear that an evidentiary hearing will now be required. Accordingly, Petitioner's motion for appointment of counsel is hereby **DENIED**. Should it become apparent later in these proceedings that an evidentiary hearing is required, or that the interest of due process or justice so require, then counsel shall be appointed for the Petitioner.

**SO ORDERED**, this 28th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)