IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DONALD H. HINELY,

    Petitioner,

v.                             CIVIL ACTION NO.: CV206-266

HILTON HALL, Warden,

    Respondent.

## ORDER

Petitioner Donald Hinely ("Hinely") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent filed an Answer-Response, and Hinely filed a Traverse. Respondent asserts, in part, that two of Hinely's claims have not been presented to the state courts and are thus procedurally defaulted by operation of Georgia's successive petition rule. Hinely asserts that he did present these claims in his "state habeas action and to the Supreme Court of Georgia in his application for certificate of probable cause." (Doc. No. 15, p. 1).

In order to determine whether Hinely's claims are procedurally defaulted, this Court must establish what issues were actually presented to the state courts. To that end, Respondent has filed: a copy of Hinely's state habeas corpus petition; a copy of the transcripts from Hinely's criminal convictions; a copy of the state habeas court's final order denying relief; and a copy of the Georgia Supreme Court's order denying Hinely a certificate of probable cause to appeal. (Doc. No. 8-1, p. 1). However, missing from the record is a transcript of any hearing held before the state habeas court and a copy of

AO 72A
(Rev. 8/82)

Hinely's application for a certificate of probable cause. Thus, the Court is without sufficient documentation of the proceedings before the state courts to determine whether certain of Hinely's claims should, in fact, be procedurally defaulted.

Accordingly, Respondent shall have thirty (30) days from the date of this Order by which to either file the transcript of any hearing held before the state habeas court and a copy of Hinley's application for a certificate of probable cause, or to file a brief on the merits of these two claims. Without documentation of the claims having been presented to the state courts, this Court shall proceed to consider the merits of the claims at issue, along with the remainder of Hinely's claims for relief.

**SO ORDERED**, this 22 day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE