IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DONALD H. HINELY,

      Petitioner,

v.

HILTON HALL, Warden,

      Respondent.

CIVIL ACTION NO.: CV206-266

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Donald H. Hinely ("Hinely"), an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Long County, Georgia. Respondent filed an Answer-Response, and Hinely filed a Traverse. For the following reasons, Hinely's petition should be **DENIED**.

## STATEMENT OF THE CASE

At a jury trial in Long County Superior Court in February and March of 2001, Hinely was convicted of two counts of felony murder and sentenced to life imprisonment. Hinely appealed his convictions and sentence, and they were affirmed on November 25, 2002. Hinely v. State, 573 S.E.2d 66 (Ga. 2002). Hinely filed a state habeas corpus petition in Telfair County on November 10, 2003, challenging his 2001 convictions. (Doc. No. 8, Exh. 1). The state habeas corpus court conducted an evidentiary hearing and denied Hinely's requested relief on October 13, 2005. (Doc. No. 8, Exh. 3). On July 13, 2006, the Georgia Supreme Court denied Hinely's

application for a certification of probable cause to appeal the state habeas decision. (Doc. No. 8, Exh. 4). Hinely filed the instant petition on October 25, 2006. (Doc. No. 1).

In several claims Hinely asserts that he received ineffective assistance of counsel at trial and on appeal. Hinely alleges that his counsel was ineffective in allowing the victim's son to be introduced to jurors at voir dire and to sit at the prosecution table during trial. Hinely contends that his counsel failed to request and ensure certain jury charges, failed to properly prepare his defense, and failed to move for a mistrial based upon improper introduction of character evidence. Hinely asserts that the trial court erred in not removing certain jurors for cause. Hinely contends that his agreement to accept his sentence was involuntary and coerced. Hinely further contends that his convictions were based upon insufficient evidence. Finally, Hinely alleges that "an accumulation of errors [exists] such that the trial proceeding[s] were fundamentally unfair." (Doc. No. 1, Attachment A).

Respondent contends that two of Hinely's claims are procedurally defaulted by the operation of state law. Respondent further asserts that Hinely did, in fact, receive effective assistance of counsel, did freely and voluntarily accept his sentence, and that the state habeas court's determination of the same is entitled to deference. Respondent alleges that Hinely fails to state a claim for relief on the issue of his jury challenges or on the issue of "cumulative error." Finally, Respondent alleges that the evidence supporting Hinely's convictions is constitutionally sufficient. (Doc. No. 9).

# STANDARD OF REVIEW

28 U.S.C.A. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the state court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512, 146 L. Ed. 2d 389 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (O'Connor, J., concurring). A state court's

decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. Id. at 409, 120 S. Ct. at 1521 (O'Connor, J., concurring).

## DISCUSSION AND CITATION OF AUTHORITY

I.  **Procedural Default**

Hinely asserts that during voir dire in his case, the state introduced the victim's son to the potential jurors. Hinely contends that the victim's son was again introduced by the court at the beginning of the trial and was seated at the prosecution table throughout the duration of the trial. Hinely alleges that his trial counsel was ineffective in failing to object to this. Additionally, Hinely asserts that defense counsel requested a jury charge on the alibi defense, but that request was denied by the trial court. Hinely contends that the court should have charged the jury on alibi.

Respondent asserts that Petitioner's two assertions of error in this regard have not been presented to the Georgia courts. Thus, Respondent asserts, these two claims are procedurally defaulted under Georgia's successive petition rule. Conversely, Hinely asserts that he did present these claims in his "state habeas action and to the Supreme Court of Georgia in his application for certificate of probable cause." (Doc. No. 15, pp. 1-2).

Claims raised for the first time in a Federal habeas application are deemed exhausted for the purpose of 28 U.S.C. § 2254(b) where it is clear that the state courts

would refuse to consider the new claims because they were not previously raised. Teague v. Lane, 489 U.S. 288, 297-98, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). In Georgia

> all grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51. See Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (noting that O.C.G.A. § 9-14-51 can and should be enforced in federal habeas proceedings against claims never presented in the state courts). Accordingly, a federal court may not hear the merits of such a procedurally defaulted claim absent a showing of (1) cause for the default and actual prejudice, or (2) a fundamental miscarriage of justice if the court does not consider the claim. Wainwright v. Sykes, 433 U.S. 72, 81-88, 97 S. Ct. 2497, 2503-2507, 53 L. Ed. 2d 594 (1977).

A review of the record before this Court indicates that the two claims at issue were not presented to the state courts for review. Hinely raised several ineffective assistance of trial counsel claims in his state habeas petition[1], but did not contend that trial counsel erred in failing to object to the son's presence at trial. Furthermore,

---

[1] Before the state habeas court, Hinely asserted that trial counsel was ineffective in: failing to adequately prepare for trial; failing to prepare for the penalty phase of trial; failing to obtain the services of a mitigation expert; failing to adequately investigate the case; failing to adequately communicate a plea bargain offer; failing to discuss the unified appeal with Hinely; failing to impeach the state's primary witness with evidence of prior convictions; withdrawing a motion to strike as unconstitutional the imposition of the death penalty; failing to move for a mistrial after Hinely's character was placed in evidence by the state; failing to obtain the services of an expert witness in the field of blood splatter analysis. (Doc. No. 8, Exh. 1, p. 7).

although Petitioner raised various alleged trial court errors in the state habeas court[2], he did not raise the specific claim that the court failed to charge the jury on the alibi defense. Despite Hinely's assertions to the contrary, the claims were not presented to the state courts at any point. They were not presented in his state habeas proceedings, in his application to the Georgia Supreme Court for a writ of certiorari, or at any other time before the courts of the state of Georgia. Thus, pursuant to Georgia's successive petition rule, Hinely would be prohibited from raising these two claims in state court and thus is procedurally defaulted from raising the claims in this federal § 2254 petition. Hinely has failed to demonstrate cause and prejudice or the possibility of a miscarriage of justice, and thus this Court shall not review the merits of these two claims.

## II.  Ineffective Assistance of Counsel

Next, Hinely contends that his trial counsel was ineffective in that counsel: (1) failed to properly prepare for and litigate the guilt/innocence phase of the trial; (2) failed to properly prepare for and litigate the sentencing phase of the trial; (3) failed to properly litigate pretrial motions; (4) failed to impeach the state's primary witness with prior felony convictions; (5) failed to request jury charges on corroboration of accomplice testimony and impeachment by conviction of a crime of moral turpitude; and (6) failed to move for a mistrial after his character was improperly placed into evidence. (Doc. No. 1, p. 10). These grounds for relief were raised by Hinely in his direct appeal and were considered

---

[2] In his state habeas petition, Hinely asserted that the trial court erred in: granting counsel's motion to withdraw without inquiry; failing to grant certain motions; conducting hearings without both counsel present; allowing the prosecution to introduce improper evidence at trial; allowing the prosecution to administer improper opening and closing arguments to the jury; failing to adequately instruct and charge the jury; failing to demonstrate impartiality; failing to inquire into jurors' questions; improper intervention in plea negotiations; failing to adequately sequester witnesses; failing to allow or present adequate jury voir dire and remove certain jurors for cause; allowing and partaking in the improper introduction and seating of victim's immediate family (son) during voir dire and trial. (Doc. No. 8, Exh. 1, p. 10).

and rejected by the Supreme Court of Georgia. Hinely v. State, 573 S.E.2d 66, 71-72 (Ga. 2002).

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel which guarantees not only assistance, but *effective* assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The standard governing ineffective assistance of counsel claims was set forth by the United States Supreme Court in Strickland, and the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S. Ct. at 2064.

To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-88, 104 S. Ct. at 2064; Quince v. Crosby, 360 F.3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

The state court found Hinely's ineffective assistance arguments to be without merit. Setting forth the two-prong Strickland test, the Georgia Supreme Court found that with regard to the individual ineffective assistance claims, Hinely failed to show either deficient performance or prejudice. 573 S.E.2d at 71-72. An examination of the record before the state court reveals that its decision that Hinely received effective assistance

of counsel is not contrary to, or an unreasonable application of, Strickland. Therefore, Hinely is not entitled to relief on these claims.

III. **Juror Seating**

Hinely next contends that three jurors should have been removed for cause because they expressed favorable views on the death penalty. This claim was presented on appeal, and the Georgia Supreme Court determined that because Hinely did not actually receive the death penalty, his claim was without merit. "Such juror disqualification in regard to the death penalty provides no basis for reversal for a defendant who receives a sentence of life in prison without parole." Hinely v. State, 573 S.E.2d 66, 73 (Ga. 2002) (citing Beasley v. State, 502 S.E.2d 235 (Ga. 1998) and Turner v. State, 486 S.E.2d 839 (Ga. 1997)).

"This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553, 115 L. Ed. 2d 640 (1991). This doctrine applies to federal habeas review and is based on concerns of comity and federalism, and applies whether the state ground is substantive or procedural. Id. at 729-730, 111 S. Ct. 2554. The Georgia Supreme Court's determination of this issue was based on an independent and adequate state law ground, and therefore Hinely is not entitled to federal habeas relief on this claim.

IV. **Petitioner's Sentence Was Freely and Voluntarily Accepted**

Hinely next asserts that his sentence agreement, wherein he accepted a sentence of life without parole, was not freely and voluntarily entered into, but was

instead coerced by his counsel's being unprepared for sentencing. This ground for relief was raised by Hinely on direct appeal and was decided against him by the Georgia Supreme Court. Hinely v. State, 573 S.E.2d 66, 73 (Ga. 2002).

A guilty plea must be knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). The standard for whether an agreement is knowing and voluntary is whether the decision "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970).

Addressing Hinely's contention, the Georgia Supreme Court found that the trial court "conducted an inquiry akin to that conducted when accepting a guilty plea, so as to satisfy Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)." Hinely, 573 S.E.2d at 73. The Court referred to the inquiry made, wherein Hinely expressed an understanding of the rights he was waiving, that he was satisfied with his counsel's representation, that he was able to think clearly, that he was not coerced into the agreement, and that his decision was freely and voluntarily made. Id. The state court also concluded that because Hinely's counsel was not inadequately prepared for sentencing, his claim that he was coerced into the agreement was without merit. Id. It is clear that the state court's determination that Hinely's sentencing agreement was conducted and accepted pursuant to Boykin is not an unreasonable application of and not contrary to what is clearly established federal law. Accordingly, Hinely is not entitled to relief on this issue.

## V.   The Evidence Supporting the Conviction Was Sufficient

Hinely next alleges that his conviction and sentence rest on constitutionally insufficient evidence. Specifically, Hinely asserts that the indictment lacked an essential element in that it failed to specify the item taken in the armed robbery, the felony underlying his felony murder conviction. Hinely further asserts that the evidence presented at trial was insufficient to support his conviction.

Addressing this issue, the Georgia Supreme Court found the evidence underlying Hinely's conviction to be constitutionally sufficient. In reviewing Hinely's claim on direct appeal, that court made the following findings of fact:

> Middleton's testimony was corroborated. The body was found in a manner consistent with Middleton's testimony. Thompson testified that Hinely took a roll of duct tape from Thompson's house, and such was found in Ashley's living room. No duct tape had been used to repair Hinely's pick-up truck. Thompson also identified the pocket knife that was found in Ashley's bedroom as the one kept on his brother's night stand. Ashley's relative and her friend saw Hinely at Ashley's house, trying to avoid detection. Other witnesses saw Hinely and Middleton driving together in his white pick-up truck on May 1, 1999, in the vicinity of Ashley's house, and saw the truck turn off the main road and drive down the dead-end road toward Ashley's house between 3:30 p.m. and 4:00 p.m. Hinely's stepfather confirmed that Hinely drove a white Chevrolet S-10 pickup truck, and Hinely's great-grandmother corroborated Middleton's testimony that Hinely drove to his great-grandmother's home. Middleton's aunt testified that about noon on May 2, 1999, Hinely came searching for Middleton and wanted her to go with him. Finally, Hinely left town as he had warned Middleton she must do.

Hinely, 573 S.E.2d at 70-71. Specific to the robbery itself, the Court found that the evidence showed that Hinely and his accomplice "discussed a scheme to rob Ashley; Middleton was aware that Ashley received Social Security checks on the first and third days of each month" and that the victim's wallet was found in the front yard of the

house. Id. at 69-70. Given these factual determinations, the Court concluded that, in accordance with Jackson v. Virginia, 560 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), "the evidence was sufficient to enable a rational trier of fact to find Hinely guilty beyond a reasonable doubt of the felony murder of Eugene Ashley." Hinely, 573 S.E.2d at 71 (citing Jackson).

A petitioner is entitled to habeas corpus relief pursuant to 28 U.S.C.A. § 2254 if it is determined from the record evidence that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 324, 99 S. Ct. at 2791-92. The Georgia Supreme Court relied on this clearly established federal law in making its determination that a rational trier of fact could have found Hinely guilty of felony murder. The court's adjudication on this claim is not contrary to, or an unreasonable application of, the Supreme Court's holding in Jackson. Accordingly, Hinely is not entitled to federal habeas relief on this claim.

## VI. Cumulative Error

Finally, Hinely contends that he "has identified an accumulation of errors such that the trial proceeding[s] were fundamentally unfair." (Doc. No. 1, p. 10). First, the errors alleged by Hinely as discussed in sections one through five, taken together, would not have the cumulative effect of depriving Hinely of a fundamentally fair trial. More importantly, though, Hinely provides no Supreme Court precedent supporting such a "cumulative error" claim, and it is clear that the Eleventh Circuit has itself failed to recognize this theory of relief. See Cargill v. Turpin, 120 F.3d 1366, 1386-87 (11th Cir. 1997) (declining to entertain the cumulative error claim).

## CONCLUSION

For the foregoing reasons, it is my **RECOMMENDATION** that Hinely's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

So **REPORTED** and **RECOMMENDED** this 5th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE